FREDERICK HAWKER's (dependent's) CASE.

Middlesex.    February 1, 1932. — March 1, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act,* To whom act applies. *Agency,* Existence
of relation, Independent contractor.

A finding by the Industrial Accident Board, in proceedings under the
workmen's compensation act, that the husband of a dependent widow,
the claimant, was not an employee of the subscriber, but was an inde-
pendent contractor, was warranted, if not as a matter of law required,
where it appeared that he received an injury resulting in his death
while operating an automobile in accordance with a contract between
him and the subscriber, who operated a cleaning and dyeing business,
whereby the subscriber assigned him a route, good will and the privi-
lege of using the subscriber's name; he was billed by the subscriber

as a wholesale customer at wholesale rates for the business which he secured and paid the subscriber at those rates for such business after collecting the retail rates therefor from his customers; he was paid nothing by the subscriber; the subscriber assumed responsibility for claims by and adjustments with his customers; the subscriber leased the automobile to him for use in covering his route and assumed all responsibility for claims pertaining to its operation, he paying to the subscriber a fixed cost per week for the lease and also the running expenses at a certain sum per mile; and that he covered his route in such manner as he pleased.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board dismissing a claim for compensation by the dependent widow of Frederick Hawker.

Material evidence and findings by a single member of the board, which were affirmed and adopted by the board in review, are stated in the opinion. In the Superior Court a decree was entered by order of *Broadhurst*, J., in accordance with the board's decision. The claimant appealed.

*J. J. Mahoney*, for the claimant, submitted a brief.

*H. B. White*, for the insurer.

SANDERSON, J. Frederick Hawker, after being employed by the subscriber on a commission basis, entered into a contract with it on December 6, 1930, by which the subscriber agreed to lease and assign a motor vehicle to Hawker and also a route, good will and the privilege of using the subscriber's name. Hawker agreed to retain and build up the good will of the route and keep the motor vehicle assigned to him neat in appearance. The subscriber agreed to assume all responsibility for claims or adjustments arising from the territory pertaining to dry cleaning or dyeing. It was agreed that the fixed cost of leasing the automobile should be a specified sum per week and should include a list of specified items; that the running cost should be a specified sum per mile to be paid weekly at the office of the subscriber. The subscriber agreed to assume all responsibility on the motor vehicle operated by Hawker, including liability and property damage, collision, delays and all other responsibility pertaining to operating this vehicle. It was agreed that the price of cleaning should be fifty cents on each dollar and

of repairing on the basis of sixty per cent. There was a further provision in the agreement prohibiting the employee from engaging in any way in the dry cleaning or dyeing business while in the employ of the subscriber or for two years thereafter. The contract was to run for one year.

Hawker suffered the injury which caused his death while operating the leased motor vehicle in the business which he had agreed to do under the contract. At the time of his injury he was covering a territory substituted at his request for that assigned in the written contract. Testimony was introduced tending to prove that he had no specified hours of work but went and came as he pleased; that he was not told by the subscriber the places to visit on his route; that if people notified the central office a driver was wanted, Hawker would call if the place was in his territory; that he was charged at the wholesale rate for the work he brought in, that this was fifty per cent of the retail rate and out of the difference between these rates he would pay mileage and fixed costs for the automobile; that he was billed as a wholesale customer of the subscriber; that he put his name on the automobile, collected from customers and paid the subscriber for the work done; and that the subscriber paid Hawker nothing.

The single member stated: "The relationship between the deceased in this case and the subscriber is set forth in the written contract which the parties entered into, a copy of which is attached to the record. Under that contract, and I find nothing in the relationship of the parties set forth in the evidence to contradict the conclusion which I have reached, I find that the deceased was not an employee of the subscriber but was an independent contractor. Prior to entering into the contract the deceased was an employee of the subscriber. While the contract contains certain restrictions, a consideration of the document as a whole shows clearly that the deceased was at liberty within those restrictions to follow his own free will in the carrying out of his part of the contract. As stated by the treasurer of the concern, it was believed that if the deceased could be given more of the financial results of his own industry and

activities it would inure to the good will and volume of
business of the subscriber in that it would cause the con-
tracting party, the deceased, to be more active and zealous
in collecting and getting business to be turned over to the
subscriber in the running of the business. The relationship
is not an unusual one; indeed, there is testimony that this
particular contract is one used in various parts of the coun-
try. There is nothing about the facts in this case which
indicates that both parties were no[t] entirely cognizant of
what they were doing and their reasons for doing it." The
reviewing board entered an order in the following terms:
"The reviewing board, upon all the evidence, affirm and
adopt the findings and decision of the single member, under
which it is found that the decedent was not an employee of
the subscriber, but was an independent contractor, and the
petitioner's claim for compensation is dismissed. . . ." A
decree in the case based upon these findings ordered that
the petitioner's claim for compensation be dismissed.

Upon the written contract and the testimony the conclu-
sion was warranted, if not required, that after December 6,
1930, Hawker was an independent contractor and operating
the automobile in his own business. Under the lease he
was entitled to the possession of the motor vehicle. It was
in his control while being operated by him at the time of
the accident. The agreement of the subscriber as to the
payment of expenses and assumption of liability in con-
nection with its operation did not give it the right so to
control Hawker in its operation as to establish the rela-
tionship of master and servant between the subscriber and
Hawker while the motor vehicle was being operated by
him in his own business. The case is controlled in prin-
ciple by *Hardaker's Case*, 274 Mass. 7, and cases therein
cited. See *Trombley* v. *Stevens-Duryea Co.* 206 Mass. 516,
519.

*Decree affirmed.*