Matthias, J.
 

 The sole question presented in this case is whether the relationship of the cab corporation and the plaintiff’s decedent was that of employer and employee within the terms of the Workmen’s Compensation Act.
 

 A written contract was entered into by the company and the plaintiff’s decedent. This contract is in terms an agreement for the lease of a taxicab by the former to the latter. For the use of this taxicab for a twelve-hour period, a flat rental charge was fixed, and an additional rental agreed upon, six and one-half cents for every mile in excess of one hundred miles during such twelve-hour period. Upon its part, the Zone Cab Corporation agreed to furnish all necessary gasoline, oil and grease, and to maintain the taxicab in tires and good working order and repair, except as against willful abuse. Further, the cab company assumed all responsibility for damages to persons and property, passengers and the public, resulting from the carelessness or negligence of such driver in operating the taxicab pursuant to their contract. Such driver agreed to indemnify and save harmless the company from any losses caused to the company and any damage to the taxicab or equipment. A deposit of fifteen dollars as security for the compliance with the indemnity agreement was required. It was provided that such contract renewed itself from day to day and could be termi
 
 *591
 
 nated on verbal notice by either party. It was especially stipulated that the second party (the driver) was not to be considered as an employee, and would at no time make any claim for compensation as an employee.
 

 It must be conceded that this contract does not give rise to the relationship of employer and employee. It is contended that such relationship is shown by facts extrinsic to the written contract and that such contention is supported by the printed rules furnished each driver upon entering into such contract, with which rules he was required to conform. It is urged that it is thus disclosed that, in addition to furnishing the taxicab, the company had the right to direct and control the action of the driver and that each was privileged to terminate the arrangement at will, and that by reason of those conditions the plaintiff’s decedent became not an independent contractor or lessee, but, on the contrary, became an employee of the company and within the beneficial provisions of the Workmen’s Compensation Law.
 

 The printed rules referred to did set forth certain directions to be followed, which included courtesy and neatness of appearance; report at nearest stand upon dismissal of passenger; immediate report of accident; prompt response to call, directly or through office; wearing a uniform cap; and possession and study of a city street directory. There were other requirements as to conduct, manner of driving, rates, etc., which the evidence indicates were in the main a statement of the city ordinance requirements. It does not appear, however, that the driver was limited to any zone or designated section of the city or required to return to any particular place. In that respect he was permitted to follow his own course. It is conceded that the system employed affected only the relationship of the parties to the contract. Liability to third parties and the public was expressly recognized; but whether it was or not is, of course, immaterial, for the company was a
 
 *592
 
 common carrier and conld not, by delegating its duties, escape its liability as such.
 
 Rhone
 
 v.
 
 Try Me Cab Co.,
 
 65 F. (2d), 834. Neither can the provisions in the contract that the one “is not to be considered as an employee” of the other, but “merely as a hirer of a taxicab”, nor the further provision that such hirer agrees that he will not “make any claim for compensation against The Zone Cab Corporation as an employee”, serve to sever or alter the relationship of employer and employee, if it in fact exists.
 

 It has been the contention of the Industrial Commission that none of the conditions stated, or all of them combined, serve to bring the plaintiff’s decedent within the provisions of the statute. In our opinion the controlling question in determining whether the relationship was that of employer and employee is the one of pay, and this case must be governed and controlled, and the decisions of the questions involved determined, from a consideration and application of the provisions of Section 1465-61, General Code, the portion of which is applicable here being as follows:
 

 “The terms ‘employee,’ ‘workman’ and ‘operative’ as used in this act, shall be construed to mean: * * *
 

 “2. Every person in the service of any person, firm or private corporation, including any public service corporation, employing three or more workmen or operatives regularly in the same business, or in or about the same establishment under any contract of hire, express or implied, oral or written, including aliens and minors, but not including any person whose employment is but casual and not in the usual course of trade, business, profession or occupation of his employer.”
 

 The definition of “hire”, as found in Webster’s New International Dictionary, applicable here is: “The price, reward, or compensation paid * * * f0r personal service, or for labor.” “The laborer is worthy of his hire.” It is impossible to have a “contract of hire” without an obligation that the person de
 
 *593
 
 nominated the employer pay the person employed. It is not claimed that there is in this contract any provision for the payment of compensation to the decedent either by the day, by the hour or npon a commission basis. Indeed, there is no agreement or obligation to pay the driver anything computed upon any basis. The situation here is just the contrary. The conceded agreement was that plaintiff’s decedent pay a stipulated sum for the use of the taxicab. In addition thereto, he agreed to abide by the rules prescribed. The payment of the amount stipulated for the use of the taxicab is not contingent upon earnings — not conditioned upon business done or fares collected. If the rental charges were calculated upon a percentage basis whereby any accounting of fares collected was required, the arrangement might be construed to be one for payment of the driver upon the basis of a percentage of the earnings of the taxicab; but, being for a fixed sum per day for the use of the taxicab, it is by its express terms an absolute and unconditional obligation to pay for the use of the taxicab, regardless of earnings. There being no claim that the terms of the contract in that respect were in anywise avoided or evaded in practical operation, it is impossible to make of it a “contract for hire.”
 

 As well stated by the court in the case of
 
 Western Indemnity Co.
 
 v.
 
 Pillsbury et al., Indus. Comm.,
 
 172 Cal., 807, 159 P., 721, a case involving the construction of provisions of the California Workmen’s Compensation Act with provisions quite similar to our own, “a ‘contract of hire’ means a contract for personal services, and this is emphasized by the fact that the basis of compensation provided by the act is the amount of wages earned. Doubtless there could be a contract of service without stipulated wages, but there could be no employee unless his personal services were rendered to the employer, and since wages are generally paid for personal services, wages or salary are made
 
 *594
 
 the criteria of compensations given to injured employees. ’ ’
 

 The only case of any court of last resort in this country involving such a taxicab operating contract brought to our attention is that of
 
 Rockefeller
 
 v.
 
 Industrial Commission,
 
 58 Utah, 124, 197 P., 1038, where the court followed and applied the rule laid down in
 
 Doggett
 
 v.
 
 Waterloo Taxicab Co., Ltd.,
 
 (1910) 2 K. B., 336, 79 L. J. K. B., 1085, 102 L. T., 874, 26 T. L. R., 491, 3 B. W. C. C., 371, (C. A.), and
 
 Smith
 
 v.
 
 General Motor Cab Co., Ltd.,
 
 (1911) L. R. App. Cas., 188, 80 L. J. K. B., 839, 105 L. T., 113, 27 T. L. R., 370, 4 B. W. C. C., 249, (H. L.). In those cases it was held that even though the company is liable to the public for the negligence of the driver, the relation between the driver and the company is not that of master and servant but of bailor and bailee or lessor and lessee. In
 
 Hawker’s Case,
 
 278 Mass., 335, 179 N. E., 807, though not involving the lease or use of a taxicab, the principle involved is substantially the same as in the case at bar. In that case, Hawker suffered injury which caused his death by operating a leased motor truck which he operated under an arrangement whereby he paid for the use of the truck a stipulated rate per mile. He used it over a specified route to collect laundry and deliver it to the laundry company which gave him the benefit of reduced rates. He dealt with his customers independently of the company except to answer calls received at the office of the company from his territory. The company paid the deceased nothing. There, as here, the company assumed all liability for the truck, including the liability of property damage claims. The court held the arrangement did not constitute the parties employer and employee within the terms of the Workmen’s Compensation Law. We have directed attention to the fact that under the provisions of the statute the basis of compensation of injured
 
 *595
 
 employees is the amount of wages earned. Further, the Workmen’s Compensation Fund is created from money collected from employers as premiums. The statutes require that occupations and industries be classified and that the rates of premiums shall be based upon the total payroll in each class of occupations or industries. The undisputed facts in this case show the impossibility of determining premiums based upon a payroll when there is none, and there can be none in such a situation. It is obvious, therefore, that payments cannot rightfully be made from the Workmen’s Compensation Fund for injuries sustained by those occupying a relation such as presented by the facts in this case.
 

 Counsel for plaintiff in error rely upon the case of
 
 Glielmi
 
 v.
 
 Netherlands Dairy Co., Inc.,
 
 254 N. Y., 60, 171 N. E., 906. In that case, the person injured had a contract for selling milk and cream along a particular route allotted to him, the same being under the complete supervision and control of the company. He had no discretion as to the manner of performance, and travelled the prescribed route, from which he was not permitted to deviate. He paid a stipulated price for the use of the company’s horse and wagon, and made daily settlements upon an agreed percentage basis for the milk and cream of the company sold by him. From these facts the court found that the claimant was a servant of the defendant, employed to sell milk and cream for a commission, and therefore was not a bailee or an independent contractor. Chief Justice Cardozo, who wrote the opinion in that case, readily and clearly distinguished it from the taxicab cases above cited.
 

 
 *596
 
 For the reasons stated the judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Jones and Zimmerman, JJ., concur.
 

 Williams, J., dissents.
 

 Day, J., not participating.