Matthias, J.
The relator seeks a writ compelling the Industrial Commission to determine the average weekly wage of the decedent upon the basis of his earnings for a year, and to include therein also his earnings from sources other than his employment with the contributing employer. It is fundamental that before such writ can issue it must be determined that the action demanded is such as the law especially enjoins as a duty resulting from an office, trust or station, and will issue only when it is clearly shown that there has been a plain dereliction of such duty.
The statutory provision fixing the basis upon which benefits shall be computed under the Workmen’s Compensation Law is Section 1465-84, General Code, which provides as follows: “The average weekly wage of the injured person at the time of the injury shall be taken as the basis upon which to compute the benefits.”
The question of the construction and application of this statute was before this court in the case of State, ex rel. Kildow, v. Industrial Commission, 128 Ohio St., 573, 192 N. E., 873. Although there was involved in that case the claim of an injured employee instead of that of a dependent of a killed employee, the principle involved is the same. The complaint there made of the action of the Industrial Commission was based upon the ground that the commission, in the exercise of the discretion conferred upon it by the statute, had included the period of six months prior to the injury in computing the average weekly wage of the injured employee. The claimant contended that in so doing the commission disregarded the phrase, “at the time of the injury.” The court held in paragraphs five and six of the syllabus:
11 Section 1465-84, General Code, is a mandatory statute and it does not invest the Industrial Commission with a discretion to apply its own rule in determining *127 the average weekly wage of a claimant at time of injury.
“The words ‘at the time of the injury’ as used in that section mean that the Industrial Commission, in arriving at a basis for compensation, shall consider the shortest possible time immediately prior to the injury as will enable it to intelligently determine an ‘average weekly wage * * * at the time of the injury.’ ”
It is elementary that in the construction of a statute no part of the language employed therein should be disregarded. As stated by Stephenson, J., in the opinion in the case just cited: “The statute fixing the average weekly wage at the time of injury as the basis of compensation is about as plain as language can make it. The trouble has been that in its administration, the limitation ‘at the time of the injury’ seems to have been ignored. * * * In our opinion the words ‘ at the time of the injury’ require the construction that we must stick as close to the time of injury as the practical working of the statute will permit, venturing from it no further than will permit us to determine an ‘average weekly wage’.”
In that case it was held that the inclusion of a period of six months in the computation disregarded the phrase, “at the time of injury,” and that under the facts there presented a computation upon the basis of four weeks complied with the rule of reason that under the statute the basis of calculation should be the shortest practical time within which an average weekly wage at the time of the injury could be ascertained.
In the instant case the commission, evidently taking into consideration all facts presented affecting the question, went so far as to include the period of ten weeks in its calculation. In so doing, it adhered to the statute as construed by the court in the Kildow case, supra. To go further, as now insisted' by the relator, and include a period of an entire year would *128 clearly be tantamount to an amendment of the statute, which is a legislative and not a judicial function. It must be concluded, therefore, that in the determination of the basis of computation of workmen’s compensation under Section 1465-84, General Code, the phrase, “at the time of the injury,” must be regarded as a limitation of the period to be considered in determining “the average weekly wage” to the shortest possible time immediately prior to the injury that will enable the commission to fairly and intelligently determine that question of fact. In the absence of a gross abuse of discretion, such finding is final. (State, ex rel. Kildow, v. Industrial Commission, supra, approved and followed.)
The commission was clearly right in excluding from its calculation the earnings of the decedent paid direct to him for repair work performed by him independently of his commission contract as a salesman. The facts are undisputed that this repair work was done on his own account for various persons who paid him directly therefor, no report and no accounting being required or made for such earnings, and consequently not considered in the calculation of premiums. With' reference to such service there was no contract of hire and hence no relationship of employer and employee between the decedent and the Warner Company. Coviello v. Industrial Commission, 129 Ohio St., 589, 196 N. E., 661.
It follows that under the undisputed facts presented the writ of mandamus prayed for must be denied.

Writ denied.

Weygandt, C. J., Stephenson, Williams, Jones and Zimmerman, JJ., concur.