Matthias, J.
In this action in mandamus originating in this court, the relator seeks relief from a claim for premiums assessed by the Industrial Commission against it as an employer and contributor to the Workmen’s Compensation Fund upon the ground that in determining and fixing the rate of premium to be charged against it, the action of the Industrial Commission was in violation of the statutes whence the commission derives its authority and amounts to a taking of relator’s property without due process of law, for which it has no adequate remedy except by action in mandamus. Issue is made by demurrer-to the petition. That issue may be stated without a full recital of the averments of the rather voluminous petition.
The legal question presented is whether the Industrial Commission, in determining the rate of premium to be paid by the relator, could properly take into consideration as a part of the relator’s individual accident experience injuries sustained by drivers of its taxicabs under a system previously adopted and pursued by it, whereby it leased its taxicabs at a stipulated rental, in accordance with which plan such drivers were independent contractors and not employees, as held by this court in Coviello v. Industrial Commission, 129 Ohio St., 589, 196 N. E., 661.
In 1934 the Zone Cab Corporation radically changed its plan of operation in that it no longer rented its taxicabs, but, on the contrary, employed drivers at an agreed minimum compensation with a graduated additional compensation upon a percentage basis. It is disclosed that, pursuant to the provisions of Section 1465-54, G-eneral Code, the commission determined upon and fixed the basic rates imposed upon all engaged in the taxicab industry and then proceeded to and did fix ah additional rate claimed to be based upon the individual industrial accident experience of the *158 relator during the period in question, pursuant to the provisions of Section 1465-54, subdivision 4, General Code. In determining such additional rate, the commission eoncededly took into consideration, as a part of the industrial accident experience of the relator, injuries sustained by four drivers of relator’s taxicabs while operating under their previous system, and who were therefore not employees but independent contractors. Such they had been found to be by the Industrial Commission and compensation accordingly denied, which finding and action of the commission were approved by this court in the Coviello case, supra. In the course of the opinion in that case; it was said at page 594: “We have directed attention to the fact that under the provisions of the statute the basis of compensation of injured émployees is the amount of wages earned. Further, the Workmen’s Compensation Fund is created from money collected from employers as premiums. The statutes require that occupations and industries be classified and that the rates of premiums shall be based upon the total payroll in each class of occupations or industries. The undisputed facts in this case show the impossibility of determining premiums based upon a payroll when there is none, and there can be none in such a situation. It is obvious, therefore, that payments cannot rightfully be made from the Workmen’s Compensation Fund for injuries sustained by those occupying a relation such as presented by the facts in this case.” The statement is entirely accurate that the change in method of operation “created a new liability on the part of the Zone Cab Corporation.” It, previously having no liability under the Workmen’s Compensation Law, then exercised no such supervision and control over lessees of its rented taxicabs as it presumably would over employees in its service. Under the former method there was no regularity in, or regu *159 lation of the operation of the taxicabs. The lessee of the taxicab was liable for the fixed rental, whether or not he procured it from fares for the use x>f the taxicab. In a sense, the driver under those conditions created his own hazards and he was in no wise subject to control or limitation by the corporation through regulations or otherwise. The so-called “merit rating” is the system that had been adopted and applied in this state. One of its announced objects is “to encourage and stimulate accident prevention” by giving the employer some benefit for a good accident experience; but here it is sought to apply the test of individual accident experience at a time and under conditions when the operators of the taxicabs were not employees at all, and hence there was no inducement or incentive for the taxicab corporation to inaugurate and enforce regulations. As we have seen, there was no opportunity or occasion to do so.
The test of individual accident experience contemplates the consideration of the ratio of accidental injuries in a given employment to the number of employees engaged therein. It is only by such comparison that the degree of hazard can be ascertained. It does not appear that any of such-facts were in possession of the Industrial Commission; for concededly such taxicab drivers, not having been regarded and treated as employees, and as such, within the Workmen’s Compensation Law, the commission did not know and had no means of knowing the number who previously operated taxicabs as independent contractors. Not being on the payroll of the corporation as employees, no report of them was required or made. The unfairness of the consideration of the four injuries in question as the one factor in determining the hazard without the presence of the other factor — that is, the number engaged in like service — seems quite manifest. For *160 the reasons stated, the demurrer to the petition is overruled.

Demurrer overruled.

Weygandt, C. J., Stephenson, Williams, Jones, Day and Zimmerman, JJ., concur.