**WALTERS, Appellant,**

**v.**

**AMERICAB, Inc. et al., Appellees.**

[Cite as *Walters v. Americab, Inc.* (1997), 118 Ohio App.3d 180.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70662.

Decided Feb. 10, 1997.

*Abraham Kay,* for appellant.

*Peter C. Tucker; Betty D. Montgomery,* Attorney General, and *Sandra Lisow-ski,* Assistant Attorney General, for appellees.

PATTON, Judge.

Appellee Americab, Inc., operates a fleet of taxicabs and leases them to individual drivers whom it characterizes as independent contractors. Claimant-appellant John Walters suffered paralyzing injuries while driving an Americab taxi and sought workers' compensation benefits. Americab denied the claim, arguing that claimant's status as an independent contractor precluded his participation in the State Insurance Fund. The Industrial Commission of Ohio ultimately disallowed the claim. The trial court granted summary judgment for

Americab. The sole issue in this appeal is whether claimant presented sufficient evidence to create an issue of fact as to his employment status.

Civ.R. 56(C) provides that summary judgment shall issue if there is no issue of material fact and the movant is entitled to judgment as a matter of law. Construing the evidence in a light most favorable to claimant, we find that the trial court did not err by concluding that the evidentiary material failed to establish an issue for the trier of fact.

■ As a general proposition, every employee who is injured in the course of employment is entitled to receive from the State Insurance Fund compensation for loss sustained on account of the injury. See R.C. 4123.54. The factual predicate for participation in the fund is the existence of an employer-employee relationship. An independent contractor is not an employee for purposes of workers' compensation law. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 145, 524 N.E.2d 881, 882–883.

In *Gillum v. Indus. Comm.* (1943), 141 Ohio St. 373, 25 O.O. 531, 48 N.E.2d 234, paragraph two of the syllabus states:

"Whether one is an independent contractor or in service depends on the facts of each case. The principal test applied to determine the character of the arrangement is that if the employer reserves the right to control the manner or means of doing the work, the relation created is that of master and servant, while if the manner or means of doing the work or job is left to one who is responsible to the employer only for the result, an independent contractor status is thereby created."

■ The courts examine several nonexclusive indicia when determining the scope of the employment relationship: "[w]ho controls the details and quality of the work; who controls the hours worked; who selects the materials, tools and personnel used; who selects the routes travelled; the length of employment; the type of business; the method of payment; and any pertinent agreements or contracts." *Bostic*, 37 Ohio St.3d at 146, 524 N.E.2d at 884, "Whether someone is an employee or an independent contractor is ordinarily an issue to be determined by the trier of fact. The key factual determination is who had the right to control the manner or means of doing the work." *Id.* at paragraph one of the syllabus.

■ The employment status of taxi drivers is not a new issue—the Supreme Court first considered this question more than sixty years ago in *Coviello v. Indus. Comm.* (1935), 129 Ohio St. 589, 3 O.O. 9, 196 N.E. 661. Coviello leased a taxicab from a cab company, paying a flat rental charge for a twelve-hour period. He signed a contract acknowledging his status as an independent contractor, and disavowed any entitlement to compensation as an employee. Coviello paid a lease fee and mileage, but retained all monies earned during the lease period. The cab

company did issue certain rules relating to driver courtesy and appearance, rates, and manner of driving, but these rules merely restated city ordinances. The cab company did not require Coviello to drive within a particular zone of the city nor was he required to return to a particular place when finished with a fare.

The Supreme Court found that Coviello failed to show an employer-employee relationship sufficient to entitle him to participate in the State Insurance Fund. Particularly important, the court found that Coviello did not have a contract for pay that would qualify him as an "employee." *Id.* at 592, 3 O.O. at 10–11, 196 N.E. at 662–663.

Cab companies have crafted their relationships with drivers under this authority; Americab's contract does not differ in any significant respects from the contract at issue in *Coviello*. Claimant signed a contract acknowledging his status as an independent contractor and his ineligibility for federal or state unemployment benefits and state workers' compensation benefits. He further acknowledged having the responsibility to provide for payment of federal and state income taxes.

Claimant does not dispute acknowledging his status as an independent contractor, but maintains that the acknowledgment is largely illusory because Americab nonetheless exerted sufficient control over his driving to make him an employee for purposes of participating in the fund. Among the various points he lists are the following: Americab controlled which taxicab he could use; Americab set the length of each drivers' shift; Americab set the rates to be charged; Americab set restrictions on taking customers outside the Greater Cleveland area; and Americab set forth a dress code and code of conduct for drivers.

Tellingly, claimant does not cite *Coviello*—the points he raises in support of his arguments were considered and rejected in that case. The overriding factor is that claimant, like all other Americab drivers, had total control over the days and hours he worked. In fact, claimant's own affidavit conceded that he "was permitted to choose among the various shifts and starting and stopping times." When on duty, he had no obligation to accept a fare from Americab's dispatcher, and could refuse (within the bounds of local law) to carry any fares during the period in which he leased the taxicab. He kept all money he earned while on duty, and had no obligation to report his earnings to Americab.

We reject claimant's argument that Americab's work rules exert a degree of control over his driving to the point where they direct the manner or means of driving. The work rules submitted in claimant's opposition to the motion for summary judgment appear to be dictated almost entirely by state or local law. For example, the rules state, "City ordinances provide that cab drivers must take any ORDERLY passenger to his destination anywhere in the county." (Emphasis in original.) Limitations on the number of passengers, the means of charging

group riding trips, and failure to remove the ignition key when leaving the taxicab are likewise covered by city ordinance. Americab's rule requiring drivers to keep a trip sheet detailing the exact time for the start and finish of a trip is specifically mandated by Cleveland Codified Ordinance No. 443.321. Rates of fare are set forth in Cleveland Codified Ordinance No. 443.26.

We also reject claimant's arguments that Americab's degree of control can be shown by other rules relating to the choice of taxicab. The choice of taxicab is not a condition of employment; it is merely a condition for leasing the taxicab. Although drivers could not choose which particular taxicab they would lease, they nevertheless had complete control over all other aspects of driving. Presumably, if the driver found the appointed taxicab unsatisfactory, the driver had no obligation to rent that particular vehicle.

Accordingly, we find that the trial court did not err by granting summary judgment to Americab because there is no material issue of fact as to claimant's status as an independent contractor. The assigned error is overruled.

*Judgment affirmed.*

DYKE, P.J., and SPELLACY, J., concur.