OPINION *Page 2 
{¶ 1} Plaintiff Frank Billman appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, which found he was not entitled to participate in the Workers' Compensation fund. Appellees are the Massillon Development Group, LLC, and William Mabe, Administrator of the Bureau of Workers' Compensation. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE APPELLEE, MASSILLON DEVELOPMENT GROUP, LLC."
 {¶ 3} Appellant has failed to comply with Loc. App. R. 9 (B), which requires if a summary judgment is appealed, the appellant must include a statement on a separate page following the assignments of error a declaration of whether appellant claims the judgment is inappropriate as a matter of law on the undisputed facts, or that a genuine dispute exists as to a material fact issue or issues. In his brief, however, appellant argues the facts and evidence presented to the court establish a genuine issue of material fact as to whether he was an employee of Massillon Development Group, or an independent contractor.
 {¶ 4} It appears certain facts are undisputed. On June 4, 2004, at Massillon Development's jobsite, a piece of scrap metal fell on appellant's foot, causing him serious permanent injuries. Appellant filed an application for Workers' Compensation benefits, which was denied by the Bureau. Appellant filed his appeal with the Stark County Court of Common Pleas pursuant to R.C. 4123.512.
 {¶ 5} Motions for summary judgment are governed by Civ. R. 56 (C). The Rule states in pertinent part: *Page 3 
 {¶ 6} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
 {¶ 7} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts,Houndshell v. American States Insurance Company (1981),67 Ohio St. 2d 427. The court may not resolve ambiguities in the evidence presented,Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio,Inc. (1984), 15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law, Russell v.Interim Personnel, Inc. (1999), 135 Ohio App. 3d 301.
 {¶ 8} When reviewing a summary judgment, an appellate court applies the same standard used by the trial court, Smiddy v. The Wedding Party,Inc. (1987), *Page 4 30 Ohio St. 3d 35. This means we review the matter de novo, Doe v.Shaffer, 90 Ohio St.3d388, 2000-Ohio-186.
 {¶ 9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim,Drescher v. Burt (1996), 75 Ohio St. 3d 280. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, Henkle v.Henkle (1991), 75 Ohio App. 3d 732.
 {¶ 10} The parties agree the question of whether a worker is an employee or an independent contractor is ordinarily an issue to be decided by the trier of fact, Bostic v. Connor (1988),37 Ohio St. 3d 144. However, if the evidence is not in conflict or the facts are admitted, the question of whether a person is an employee or independent contractor may be decided by the trial court as a matter of law, Id. at 146. The question is crucial, because independent contractors are not employees for the purpose of Workers' Compensation benefits,Coviello v. Industrial Commission of Ohio (1935), 129 Ohio St. 589.
 {¶ 11} In Gillum v. Industrial Commission (1943), 141 Ohio St. 373, the Ohio Supreme Court set forth the test to determine whether a person is an independent contractor or an employee. If the employer reserves the right to control the manner or means of doing the work, the worker is an employee, whereas if the worker controls the *Page 5 
manner or means of doing the work, or if the worker is responsible to the employer only for the result, the worker is an independent contractor. Gillum, syllabus by the court, paragraph 2. InBostic, supra, the Ohio Supreme Court found the question of employee or independent contractor must be determined upon the individual facts of each case. The court set out various factors, including, but not limited to: who controls the details and quality of the work; who controls the hours worked; who selects the materials, tools and personnel used; who selects the routes traveled; the length of the employment; the type of business; the method of payment; and any pertinent agreements or contracts.
 {¶ 12} R.C. 4123.01 sets out an alternative to the Gillum test set forth supra, to be used in situations involving construction contracts:
 {¶ 13} "(A)(1) `Employee' means: * * *
 {¶ 14} "(c) Every person who performs labor or provides services pursuant to a construction contract, as defined in section 4123.79 of the Revised Code, if at least ten of the following criteria apply:
 {¶ 15} "(i) The person is required to comply with instructions from the other contracting party regarding the manner or method of performing services;
 {¶ 16} "(ii) The person is required by the other contracting party to have particular training;
 {¶ 17} "(iii) The person's services are integrated into the regular functioning of the other contracting party;
 {¶ 18} "(iv) The person is required to perform the work personally;
 {¶ 19} "(v) The person is hired, supervised, or paid by the other contracting party; *Page 6 
 {¶ 20} "(vi) A continuing relationship exists between the person and the other contracting party that contemplates continuing or recurring work even if the work is not full time;
 {¶ 21} "(vii) The person's hours of work are established by the other contracting party;
 {¶ 22} "(viii) The person is required to devote full time to the business of the other contracting party;
 {¶ 23} "(ix) The person is required to perform the work on the premises of the other contracting party;
 {¶ 24} "(x) The person is required to follow the order of work set by the other contracting party;
 {¶ 25} "(xi) The person is required to make oral or written reports of progress to the other contracting party;
 {¶ 26} "(xii) The person is paid for services on a regular basis such as hourly, weekly, or monthly;
 {¶ 27} "(xiii) The person's expenses are paid for by the other contracting party;
 {¶ 28} "(xiv) The person's tools and materials are furnished by the other contracting party;
 {¶ 29} "(xv) The person is provided with the facilities used to perform services;
 {¶ 30} "(xvi) The person does not realize a profit or suffer a loss as a result of the services provided;
 {¶ 31} "(xvii) The person is not performing services for a number of employers at the same time; *Page 7 
 {¶ 32} "(xviii) The person does not make the same services available to the general public;
 {¶ 33} "(xix) The other contracting party has a right to discharge the person;
 {¶ 34} "(xx) The person has the right to end the relationship with the other contracting party without incurring liability pursuant to an employment contract or agreement."
 {¶ 35} R.C.
 {¶ 36} 4123.79 defines the term "construction contract" as an oral or written agreement involving any activity in connection with the erection, alteration, repair, replacement, renovation, installation or demolition of any building, structure, highway, or bridge.
 {¶ 37} The trial court found in the case at bar, appellant was not working pursuant to a construction contract, and thus, R.C. 4123.01 did not apply. However, the court found even if the statute applied here, appellant could not satisfy at least ten factors required to establish himself as an employee.
 {¶ 38} In support of its motion for summary judgment, Massillon Development presented the affidavit of Pete Bitzel, a one-half owner of Massillon Development. In his affidavit, Bitzel stated he hired appellant as a sub-contractor to be a burner at the Republic Steel property. Appellant required no training because he had previous experience. Bitzel explained to appellant he would be paid on a 1099 as a subcontractor, and appellant completed the appropriate tax form to be paid as a subcontractor. Appellant submitted no employment application or resume. *Page 8 
 {¶ 39} Bitzel's affidavit stated he informed appellant it was a temporary job, lasting only as long as it took to scrap the Republic Steel property. Appellant was not supervised by anyone, but came to the worksite everyday and was told where the work was needed. Appellant worked at his own pace, determining how to do the work, and setting his own breaks and quitting time. Appellant had the choice of using his own tools, or using something on the site. Bitzel did not set any hours of work for appellant, who was able to work anytime after the site opened at 7:00 a.m. Appellant tracked his own time and billed the company at the end of each week, typically working over eight hours per day. Massillon Development did not provide appellant with any employment benefits, vacation pay, holiday pay, or health care.
 {¶ 40} Massillon Development also cited the decisions of the Bureau of Workers' Compensation, which had disallowed appellant's claim. The hearing officer found appellant was an independent contractor when he was injured, noting there was no written contract of employment and he received a 1099 and completed a W-9. The hearing officer found appellant identified a Mr. Stock as his supervisor, who directed and controlled his work. However, the hearing officer found Stock did not supervise appellant because he did not determine the working hours or the breaks, and did not instruct appellant how the work should be done, but rather only directed appellant to the location where he was to work that day.
 {¶ 41} In response to the motion for summary judgment, appellant submitted his own affidavit, in which he stated he was hired because of his previous experience and was not permitted to contract out his work responsibilities. Appellant stated he worked *Page 9 
set hours and was directed where to work and what jobs to perform. Appellant stated he filled out time cards and was hired, supervised and paid by Massillon Development.
 {¶ 42} Appellant's affidavit stated he understood his employment would continue throughout the dismantling of the Republic Steel property, and if he did not work full-time Massillon Development would replace him. Appellant stated he was required to work on the premises at the direction of Massillon Development, which would instruct him as to the order of the work. Appellant's affidavit also stated he was paid an hourly rate and Massillon Development supplied the necessary torches and gas.
 {¶ 43} Appellant's affidavit states his hourly rate was not dependent on the amount of steel burned and he would not realize a profit or suffer a loss as a result of the work. Appellant states he worked full time for Massillon Development and did not work elsewhere. It was his understanding Massillon Development could discharge him at any time.
 {¶ 44} We have reviewed the record, and we find regardless of whether the facts and circumstances are analyzed under R.C. 4123.01 or the common law test, as a matter of law appellant has failed to present evidence sufficient to demonstrate he was an employee rather than an independent contractor. We conclude the trial court did not err in finding appellant is not entitled to participate in the Workers' Compensation fund.
 {¶ 45} The assignment of error is overruled. *Page 10 
 {¶ 46} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Gwin, P.J., Farmer, J., and Edwards, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant. *Page 1