DOYLE, APPELLEE, *v.* MAYFIELD, ADMR., ET AL., APPELLANTS.

(No. CA88-02-025—Decided August 15, 1988.)

*Daniel J. Gattermeyer,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Joan M. Verchot,* for appellant James L. Mayfield, administrator.

*M. Catherine Lacinak,* for appellant United Steel Workers of America, Local Union No. 6071.

*Per Curiam.* This appeal arises

from a judgment of the Court of Common Pleas of Butler County, wherein the trial court determined appellee had a right to participate in the workers' compensation fund.

Plaintiff-appellee, Edgar L. Doyle, was employed by the Monsanto Company from 1960 to 1984. Appellee also was a member of the United Steel Workers of America, Local Union No. 6071, defendant-appellant (hereinafter "union").

In July 1983, Mary Pratt, chairwoman of the workers' compensation committee of the union, asked appellee to represent a co-worker, Stella Trusler, at her workers' compensation hearing. On August 1, 1983, appellee accompanied Trusler to her hearing and represented her before the Bureau of Workers' Compensation in Hamilton, Ohio. After the hearing, appellee drove Trusler to her car which was in a nearby parking lot. Appellee then decided to return to the Bureau of Workers' Compensation to file a motion on behalf of Trusler. While en route to the bureau, appellee was injured in an automobile accident.

Thereafter, appellee filed an application to receive workers' compensation. Initially, this claim was denied by the district hearing officer, but the regional board of review reversed the decision and allowed the claim. Upon review by the Industrial Commission, appellee's claim was again denied.

Appellant filed an appeal with the common pleas court. After a bench trial, the common pleas court in turn reversed the commission's ruling, finding that an employee-employer relationship existed between appellee and the union and that appellee was injured while in the course of his employment.

The union has appealed from this judgment and assigns the following two errors for review:

First Assignment of Error

"The trial court erred in reaching a verdict against the manifest weight of the evidence that Edgar L. Doyle was an employee of the United Steel Workers of America, Local 6071."

Second Assignment of Error

"The trial court erred in its finding that the reimbursement received by the appellee constituted wages paid by the appellant United Steel Workers of America, Local 6071."

Both assignments of error address the issue of whether appellee was employed by the union at the time of his accident, thereby making appellee eligible for workers' compensation benefits. Accordingly, the assignments of error will be considered together.

R.C. 4123.01(A)(1)(b) of the Workers' Compensation Act defines "employee" in the following manner:

"Every person in the service of any person, firm, or private corporation, including any public service corporation, that (i) employs one or more workmen or operatives regularly in the same business or in or about the same establishment under any contract of hire, express or implied, oral or written * * *."

Furthermore, R.C. 4123.01(B)(2) defines "employer" as follows:

"Every person, firm, and private corporation, including any public service corporation, that (a) has in service one or more workmen or operatives regularly in the same business or in or about the same establishment under any contract of hire, express or implied, oral or written * * *."

In *Coviello* v. *Indus. Comm.* (1935), 129 Ohio St. 589, 196 N.E. 661, the Supreme Court held that a determining factor in establishing whether an employee-employer relationship exists is a contract of hire, express or implied, oral or written. A contract of hire occurs when there is a "price, reward or compensation paid for personal service or for labor." *Id.* at paragraph four of the syllabus. Absent an obligation by an employer to pay the

person employed, no contract of hire can exist.

The record in the case *sub judice* shows that appellee was paid $56 for representing Stella Trusler at her workers' compensation hearing. The money was paid by check from the union's checkbook. Income tax was withheld from the check.

The union contends that appellee was a volunteer, not an employee. Specifically, the union argues that the money received by appellee was for lost time away from his job at Monsanto and for any expenses he incurred, and therefore was not wages. The union, however, maintained specific guidelines for the payment of bills. These guidelines specifically stated it would pay "lost time and expenses for trustees for * * * attending workers' comp. hearings." Accordingly, when appellee took time off from Monsanto to attend the workers' compensation hearing, the union became obligated to pay appellee. While the standard of payment was the money appellee would have earned at his Monsanto job, this does not negate that the union was obligated to pay appellee or that appellee was compensated for his services.

Therefore, based on the above analysis, we conclude that sufficient evidence existed from which the trial court could conclude a contract of hire existed and that wages were paid to appellant.

Even though a contract of hire is established, the employee-employer relationship can be defeated upon a determination that appellee was an independent contractor and not an employee. The main test in determining whether a person employed is an independent contractor or an employee is the right of control over the manner and means of performing the work. *Indus. Comm.* v. *Laird* (1933), 126 Ohio St. 617, 186 N.E. 718, paragraph four of the syllabus.

A review of the record indicates the union assigned appellee the specific task of representing Stella Trusler at her hearing. The union sent appellee to training sessions taught by an attorney of the union so appellee could learn the proper procedure on how to represent claimants at workers' compensation hearings. The manner in which appellee represented claimants, therefore, was controlled by the union. Furthermore, appellee testified that if he refused to represent Trusler at her hearing, he would have been expelled from the workers' compensation committee.

A reviewing court will not reverse a judgment as being against the manifest weight of the evidence if supported by some competent, credible evidence going to all the essential elements of the action. *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 10 OBR 408, 461 N.E. 2d 1273; *C. E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578. As the above evidence indicates, sufficient evidence was presented from which the trial court could conclude appellee was an employee of the union, not an independent contractor.

Accordingly, the trial court did not err in finding that appellee was an employee of the union under the workers' compensation statute and therefore was entitled to participate in the workers' compensation fund. Appellant's two assignments of error are overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., KOEHLER and YOUNG, JJ., concur.