JAKOB, Appellee,

v.

ECKHART; Administrator of Workers' Compensation, Appellant.

[Cite as *Jakob v. Eckhart*, 196 Ohio App.3d 368, 2011-Ohio-5036.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–11–1046.

Decided Sept. 30, 2011.

---

Elaine B. Szuch and Marc G. Williams–Young, for appellee.

Michael DeWine, Ohio Attorney General, and Carolyn S. Bowe, Assistant Attorney General, for appellant.

HANDWORK, Judge.

{¶ 1} Appellant, the administrator of workers' compensation, appeals from a judgment by the Lucas County Court of Common Pleas, granting a motion for partial summary judgment in favor of appellee, Nicholas S. Jakob. For the reasons that follow, we affirm the judgment of the trial court.

{¶ 2} On or about June 13, 2007, Jakob began working for Dennis Eckhart, a general contractor and owner of Dennis Eckhart Builder. The job involved work on a home belonging to Mike Granger. At some point during the performance of the job, Jakob was standing on a three-step ladder, repairing a drywall ceiling, when his knee twisted and the ladder collapsed. Jakob fell to the floor and, as a result, sustained injury.

{¶ 3} Jakob did not return to the work site following the accident. In total, Jakob was on the job site for two days and performed somewhere between six and nine hours of work. Jakob estimated that at the time of the injury, he had completed all but 20 percent of the project he was assigned to perform.

{¶ 4} Eckhart never saw Jakob after the day of his injury, but he did run into Jakob's father and gave him a $100 bill to give to Jakob for the work he had done.

{¶ 5} On June 28, 2007, Jakob filed an application with the Bureau of Workers' Compensation seeking recovery for a right wrist fracture, a left elbow fracture, and a right knee injury. Jakob's claim was disallowed by the administrator because there was "no proof of an employee/employer relationship between the injured worker and the listed employer."

{¶ 6} Jakob appealed the administrator's decision to the Industrial Commission of Ohio. The commission, through its district hearing officer, affirmed the administrator's decision, finding that Jakob was not an employee pursuant to R.C. 4123.01(A)(1)(b) and, thus, was not entitled to receive benefits from the Workers' Compensation Fund. Specifically, the district hearing officer stated:

{¶ 7} "Pursuant to O.R.C. 4123.01(A)(1)(b), injured worker is found to be a casual worker who is an exemption to the Worker's Compensation statute and is excluded from participation in the state fund. The injured worker is found to be an employee of the named employer as he was controlled by the employer pursuant to the affidavit, filed 8/20/07. The contract for hire between injured worker and employer was an oral contract that was vague as to its terms. However, it is found that injured worker was hired by employer to finish off a job due to the absence of one of his regular workers. No continuing relationship was contemplated by the employer. Injured worker was paid $100.00 cash for his work. He is therefore considered to be a casual laborer, and he received less than $160.00, he is not covered by the Worker's Compensation system."

{¶ 8} Jakob appealed the district hearing officer's decision to the Industrial Commission. The Industrial Commission, through its staff hearing officer, upheld the decision of the district hearing officer, finding that Jakob was a "casual worker" under R.C. 4123.01(A)(1)(b) and, therefore, not entitled to participate in the state fund.

{¶ 9} Jakob subsequently appealed to the Industrial Commission from the staff hearing officer's decision. The commission declined to hear Jakob's appeal.

{¶ 10} Jakob next appealed the Industrial Commission's order to the Lucas County Court of Common Pleas. As part of the proceedings, he filed a motion for partial summary judgment on the issue whether he was an employee of Eckhart. On January 10, 2011, the trial court granted Jakob's motion and found that at the time of the injury, Jakob was an employee of Eckhart pursuant to R.C. 4123.01(A)(1)(c).

{¶ 11} The case proceeded to trial on January 31, 2011. The jury rendered a verdict in favor of Jakob, finding that he was entitled to participate in the Workers' Compensation Fund for the conditions of "fracture of the head of the radius, left." The administrator timely appealed the trial court's judgment granting partial summary judgment, raising the following assignments of error:

{¶ 12} I. "The trial court erred as a matter of law when it granted Plaintiff's motion for partial summary judgment finding that the Plaintiff did not have to comply with R.C. 4123.01(A)(1)(b) because the Plaintiff's contract of hire was made pursuant to a 'construction contract,' as referenced in R.C. 4123.01(A)(1)(c)."

{¶ 13} II. "The trial court erred as a matter of law when it granted Plaintiff's motion for partial summary judgment and found that Plaintiff was an employee pursuant to R.C. 4123.01(A)(1)(c)."

{¶ 14} An appellate court reviewing a trial court's granting of summary judgment does so de novo, applying the same standard used by the trial court. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Civ.R. 56(C) provides:

{¶ 15} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as considered in this rule."

{¶ 16} Summary judgment is proper where (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) when the evidence is viewed most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, a conclusion adverse to the nonmoving party. *Ryberg v. Allstate Ins. Co.* (July 12, 2001), 10th Dist. No. 00AP–1243, 2001 WL 777121, citing *Tokles & Son, Inc. v. Midwestern Indemn. Co.* (1992), 65 Ohio St.3d 621, 629, 605 N.E.2d 936.

{¶ 17} The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to an essential element of one or more of the nonmoving party's claims. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264. Once this burden has been satisfied, the nonmoving party has the burden, as set forth at Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id.

{¶ 18} R.C. 4123.01(A)(1), which defines the term "employee" for purposes of the workers' compensation laws, provides as follows:

{¶ 19} "(A)(1) 'Employee' means:

{¶ 20} " * * *

{¶ 21} "(b) Every person in the service of any person, firm, or private corporation, including any public service corporation, that (i) employs one or more persons regularly in the same business or in or about the same establishment under any contract of hire, express or implied, oral or written, including aliens and minors, household workers who earn one hundred sixty dollars or more in cash in any calendar quarter from a single household and casual workers who earn one hundred sixty dollars or more in cash in any calendar quarter from a single employer, or (ii) is bound by any such contract of hire or by any other

written contract, to pay into the state insurance fund the premiums provided by this chapter.

{¶ 22} "(c) Every person who performs labor or provides services pursuant to a construction contract, as defined in section 4123.79 of the Revised Code, if at least ten of the following criteria apply:

{¶ 23} "(ii) The person is required by the other contracting party to have particular training;

{¶ 24} "(iii) The person's services are integrated into the regular functioning of the other contracting party;

{¶ 25} "(iv) The person is required to perform the work personally;

{¶ 26} "(v) The person is hired, supervised, or paid by the other contracting party;

{¶ 27} "(vi) A continuing relationship exists between the person and the other contracting party that contemplates continuing or recurring work even if the work is not full time;

{¶ 28} "(vii) The person's hours of work are established by the other contracting party;

{¶ 29} "(viii) The person is required to devote full time to the business of the other contracting party;

{¶ 30} "(ix) The person is required to perform the work on the premises of the other contracting party;

{¶ 31} "(x) The person is required to follow the order of work set by the other contracting party;

{¶ 32} "(xi) The person is required to make oral or written reports of progress to the other contracting party;

{¶ 33} "(xii) The person is paid for services on a regular basis such as hourly, weekly, or monthly;

{¶ 34} "(xiii) The person's expenses are paid for by the other contracting party;

{¶ 35} "(xiv) The person's tools and materials are furnished by the other contracting party;

{¶ 36} "(xv) The person is provided with the facilities used to perform services;

{¶ 37} "(xvi) The person does not realize a profit or suffer a loss as a result of the services provided;

{¶ 38} "(xvii) The person is not performing services for a number of employers at the same time;

{¶ 39} "(xviii) The person does not make the same services available to the general public;

{¶ 40} "(xix) The other contracting party has a right to discharge the person;

{¶ 41} "(xx) The person has the right to end the relationship with the other contracting party without incurring liability pursuant to an employment contract or agreement."

{¶ 42} In his first assignment of error, the administrator argues that to be an "employee" under R.C. 4123.01(A)(1), Jakob must satisfy the requirements of both R.C. 4123.01(A)(1)(b) and (c). We disagree. A plain reading of the statute reveals that divisions (a), (b), (c), and (d) of R.C. 4123.01 provide alternative criteria and that to be considered an employee under the statute, an individual must establish the applicability of just one of the four listed options.

{¶ 43} Arguing against this conclusion, the administrator cites several cases, none of which are relevant to this case.

{¶ 44} First, the administrator cites *Rowe v. Pecina* (Feb. 24, 1995), 6th Dist. No. L–94–266, 1995 WL 75294. In *Rowe,* this court affirmed the trial court's entry of summary judgment in favor of an employer where there was no evidence that the worker, who was employed on an intermittent basis, would have earned more than $160 in a quarter. As indicated above, R.C. 4123.01(A)(1)(b) provides that casual workers who earn $160 or more in cash in any calendar quarter from a single employer may be deemed employees for the purposes of Ohio workers' compensation law.

{¶ 45} The applicability of R.C. 4123.01(A)(1)(c), dealing with individuals who provide services pursuant to a construction contract, is never even raised in *Rowe,* let alone discussed in any meaningful way. Thus, we do not find in *Rowe* any support for the administrator's argument that an individual must satisfy both R.C. 4123.01(A)(1)(b) and (c). We specifically reject the administrator's argument that because the employer in *Rowe* owned a roofing company, it is *logically inferred* that the employer's employees worked pursuant to a construction contract.

{¶ 46} Next, the administrator cites, in support of his position, *Clark v. Dolence,* 11th Dist. No. 2007–L–027, 2007-Ohio-5622, 2007 WL 3052728, and *Lewis v. Cartijo,* 5th Dist. No. 2010CA00032, 2010-Ohio-5546, 2010 WL 4621513. These cases, too, are of no avail to the administrator. First, neither involves a construction contract and, thus, neither discusses R.C. 4123.01(A)(1)(c).

{¶ 47} Further, although the administrator uses these cases to illustrate the broad proposition that a casual worker who meets the financial requirement under R.C. 4123.01(A)(1)(b) can still be excluded from coverage if he or she is an independent contractor, as opposed to an employee, that is not an issue here,

where there exists a construction contract. This is because courts have accepted that the 20 factors set forth in R.C. 4123.01(A)(1)(c) replace the generally applicable common-law test to determine whether an independent-contractor relationship exists. See, e.g., *Rogan v. Brown*, 12th Dist. No. CA2005–10–025, 2006-Ohio-5508, 2006 WL 3003971.

{¶ 48} For all of the foregoing reasons, the administrator's first assignment of error is found not well taken.

{¶ 49} The administrator argues in his second assignment of error that the trial court erred in concluding as a matter of law that Jakob was an employee as defined in R.C. 4123.01(A)(1)(c). Specifically, the administrator disputes the trial court's finding that Jakob met at least ten of the 20 criteria set forth in the statutory test for construction service providers. In his appellate brief, however, the administrator concedes that the following seven criteria were met: (i), (iv), (v), (xii), (xvi), (xix), and (xx).

{¶ 50} In addition to the criteria about which there is no dispute, the trial court found that an additional four criteria were met in this case: (x), (xiv), (xv), (xvii).

{¶ 51} Criterion (x) provides that "[t]he person is required to follow the order of work set by the other contracting party." Here, Jakob averred that he was required to follow the work in the order that Eckhart assigned it to him. Eckhart stated, in response, that homeowner Mike Granger decided the order in which the work was to be done and then Eckhart relayed that information to Jakob.

{¶ 52} The administrator argues generally that because Jakob filed a lawsuit naming Granger as his employer, there remains a genuine issue of material fact regarding this criterion. We disagree and find that the criterion has been satisfied as a matter of law.

{¶ 53} Criterion (xiv) provides that the person is an employee if "[t]he person's tools and materials are furnished by the other contracting party." Jakob averred that the tools he used to perform his work were provided by Eckhart or Granger. In response, Eckhart stated that most of the tools were provided by Granger and that he provided some of the tools.

{¶ 54} Again, the administrator argues generally that because Jakob filed a lawsuit naming Granger as his employer, there remains a genuine issue of material fact regarding this criterion. Again, we disagree and find that the criterion has been satisfied as a matter of law.

{¶ 55} Criterion (xv) provides that the person is an employee if "[t]he person is provided with the facilities used to perform services." Jakob averred that he performed work at the job site, i.e., Granger's home, as assigned by Eckhart. Eckhart agreed.

{¶ 56} With regard to this criterion, the administrator states, once more, that Jakob's lawsuit against Granger, wherein he names Granger as his employer, precludes a finding that there exists no genuine issue of material fact. We disagree, and find that the criterion has been established as a matter of law.

{¶ 57} Finally, criterion (xvii) provides that the person is an employee if "[t]he person is not performing services for a number of employers at the same time." Jakob averred that he did not perform services for other employers while working for Eckhart. In response, Eckhart suggested that Jakob may also have been working for his father at the same time.

{¶ 58} Although the administrator, in his appellate brief, provides speculation on this point, there is no evidence in the record to support Eckhart's suggestion. Accordingly, we find that this criterion has been established as a matter of law.

{¶ 59} Construing the evidence in a light most favorable to the nonmoving parties, reasonable minds can come to but one conclusion: Jakob met 11 of the 20 criteria set forth in the statutory test for construction-contract service providers. Accordingly, the administrator's second assignment of error is not well taken.

{¶ 60} For all of the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

Osowik, P.J., and Singer, J., concur.