[Cite as *Margello v. Parachute & Special Advocates for Children*, 2013-Ohio-1106.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| JEAN M. MARGELLO, | : | CASE NO. CA2012-08-168 |
| Plaintiff-Appellant, | : | |
| | : | O P I N I O N<br>3/25/2013 |
| - vs - | : | |
| | : | |
| PARACHUTE & SPECIAL ADV.<br>FOR CHILDREN, et al. | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2011-05-1746

Thomas M. Tepe, 526 Wards Corner, Suite A, Loveland, Ohio 45140, for plaintiff-appellant

Kevin P. Jones, 8035 Hosbrook Road, #200, Cincinnati, Ohio 45236, for plaintiff-appellant

Frost Brown Todd, LLC, Gerron L. McKnight, 201 East Fifth Street, Suite 2200, Cincinnati, Ohio 45202, for defendant-appellee, Parachute & Special Adv. for Children

Barbara L. Barber, 1600 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202, for defendant-appellee, Steve Buehrer, Administrator, Bureau of Workers' Compensation

**S. POWELL, J.**

{¶ 1} A volunteer denied workers' compensation benefits argues on appeal that she

was an "employee" eligible for benefits because the organization received value from her

volunteer services and exerted substantial control over its volunteers. We find the volunteer does not qualify as an "employee" for purposes of workers' compensation and affirm the grant of summary judgment to the organization and the workers' compensation bureau.

{¶ 2} Jean M. Margello applied for workers' compensation benefits after she claimed she sustained injuries in a fall while visiting a client's home as a volunteer court-appointed special advocate for Parachute & Court-Appointed Special Advocates for Children, Butler County (Parachute). Margello was denied benefits by the Bureau of Workers' Compensation (BWC). She appealed to the Butler County Common Pleas Court, who subsequently granted summary judgment to Parachute and BWC. On appeal, Margello presents a single assignment of error for our review.

{¶ 3} Assignment of Error:

{¶ 4} GIVEN THE REQUIREMENTS OF HER POSITION, THE LOCATION WHERE INJURY OCCURRED, AND CONSTRUING THE EVIDENCE MOST STRONGLY IN FAVOR OF THE NON-PREVAILING PARTY, THE MOTION FOR SUMMARY JUDGMENT WAS GRANTED IN ERROR BY THE TRIAL COURT AND SHOULD BE REVERSED AND/OR REMANDED FOR DETERMINATION OR FINAL JUDGMENT. [sic]

{¶ 5} Margello argues the trial court erred when it found that she was not an "employee" for workers' compensation purposes and granted summary judgment to Parachute and BWC on that basis.

{¶ 6} Summary judgment is appropriate under Civ.R. 56, when no genuine issues of material fact remain to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. *Grizinski v. Am. Express Fin. Advisors, Inc.*, 187 Ohio App.3d 393, 2010-Ohio-1945, ¶ 14 (12th Dist.). This court's review of a trial court's ruling on a summary judgment motion is de novo. *Id.*

{¶ 7}   Margello admits she received no compensation or benefits for her volunteer services to Parachute.  However, Margello argues that a determination of whether she is an "employee" for worker compensation purposes should be based on such factors as Parachute receiving the benefit of her advocating for clients, and the substantial control Parachute exerted over her with regard to the training she received and the policies and procedures she was required to follow.  Margello asks this court to use the factors enumerated in R.C. 4123.01(A)(1)(c) to find that Parachute exerted the requisite control over Margello as an employee.

{¶ 8}   Under the workers' compensation chapter of the revised code, R.C. 4123.54 states, in part, that injured employees are entitled to receive specific compensation for loss sustained on account of the injury or occupational disease.

{¶ 9}   R.C. 4123.01 defines "employee" under four categories, which is summarized as follows:

{¶ 10}  Under R.C. 4123.01(A)(1)(a), an employee includes every person in the service of the state, or of any county, municipal corporation, including regular members of lawfully constituted police and fire departments of municipal corporations and townships, whether paid or volunteer, under any appointment or contract of hire, express or implied, oral or written.

{¶ 11}  According to R.C. 4123.01(A)(1)(b), an employee is every person in the service of any person, firm, or private corporation, including any public service corporation, that employs one or more persons regularly in the same business or in or about the same establishment under any contract of hire, express or implied, oral or written, including aliens and minors, household workers who earn a certain amount.

{¶ 12}  Employee is defined by R.C. 4123.01(A)(1)(c) as every person who performs labor or provides services pursuant to a construction contract, as defined in R.C. 4123.79, if

at least 10 of 20 listed factors apply; the factors involve who directs or controls the manner and means of the work.

{¶ 13} Finally, under R.C. 4123.01(A)(1)(d), an employee is every person who is a resident of a state other than this state and covered by that state's workers' compensation law and performs labor or provides services for his or her employer while temporarily in this state.

{¶ 14} As previously noted, Margello asked this court to apply the factors of R.C. 4123.01(A)(1)(c) and find she was an employee based on the substantial control Parachute exerted over her. R.C. 4123.01(A)(1)(c) lists a number of factors to consider to determine who controls the manner and means of the work with regard to labor or services "pursuant to a construction contract." Margello acknowledges that her situation does not involve a construction contract, and we decline to find those factors pertinent to this case.

{¶ 15} Further, this case does not involve and is not supported by R.C. 4123.01(A)(1)(d) or by cases that deal with the question of whether an individual was an independent contractor as opposed to an employee, *see Jakob v. Eckhart*, 196 Ohio App.3d 368, 2011-Ohio-5036 (6th Dist.), or the question of which of two entities would be the correct employer for workers' compensation purposes, *see State ex. rel. Oakwood v. Indus. Comm.* 132 Ohio St.3d 406, 2012-Ohio-3209 (village police officer injured while assigned to duties on construction project).

{¶ 16} Turning instead to R.C. 4123.01(A)(1)(a) and (b), we note that both subdivisions involve language requiring "a contract for hire." When determining whether a person is an employee, "the proper focus in these circumstances is whether a 'contract of hire,' either express or implied, exists between the individual and the [city]." *See Republic-Franklin Ins. Co. v. City of Amherst*, 50 Ohio St.3d 212, 215 (1990); *see Dotson v. Conrad*, 6th Dist. No. L-98-1201, 1998 WL 879111 (Dec. 18, 1998) (focus in *Republic-Franklin* was

whether a contract of hire, either express or implied, exists between individual and employer).

{¶ 17} This court, citing *Coviello v. Indus. Comm.*, 129 Ohio St. 589 (1935), reiterated that a determining factor in establishing whether an employee-employer relationship exists is a contract of hire, express or implied, oral or written. *Doyle v. Mayfield*, 48 Ohio App.3d 113, 114-115 (12th Dist.1988). In *Coviello*, the Ohio Supreme Court stated that a contract of hire occurs when there is a "price, reward or compensation paid for personal service or for labor." *Id.* at paragraph four of the syllabus. Absent an obligation by an employer to pay the person employed, no contract of hire can exist. *Doyle* at 114-115.

{¶ 18} Margello relies on a 1999 case from the Tenth District Court of Appeals to support her argument that there may have been an implied contract, even if there was no express contract for hire. *See Anderson v. Linkscorp, Inc.*, 10th Dist. No. 98AP-454, 1999 WL 173994. The *Anderson* case involved a retiree who performed various duties as a "ranger" on the golf course in exchange for unlimited free golf, free golf cart use, and free or discounted food. *Id.* The *Anderson* court held that a person receiving compensation in the form of free services under an express or implied contract was not a volunteer, but an employee for purposes of workers' compensation. *Id.*

{¶ 19} In the case at bar, however, it is undisputed that Margello did not receive any form of compensation for her volunteer advocacy; there was no agreement or obligation to compensate Margello; there was no evidence that either party presumed an employment relationship was established, and no evidence of a contract for hire, express or implied, oral or written.

{¶ 20} Margello provided extensive documentation about the requirements placed on her as a Parachute volunteer, but presented no evidence that would tend to prove that she was an employee of Parachute. *See e.g. Butler v. Mayfield*, 10th Dist. No. 85AP-947, 1986 WL 3478 (Mar. 20, 1986).

{¶ 21} When the evidence is not in conflict, or the facts are admitted, the question of whether a person is an employee may be decided by the trial court as a matter of law. *Lewis v. Cartijo*, 5th Dist. No. 2010 CA 00032, 2010-Ohio-5546, ¶ 11; *Dotson*, 6th Dist. No. L-98-1201, 1998 WL 879111 (where essential facts are not in dispute, court must determine, as a matter of law, whether appellant was an "employee," as defined by R.C. 4123.01).

{¶ 22} Construing the evidence most favorably for Margello, reasonable minds can come to but one conclusion, and that conclusion is adverse to Margello. The record indicates Margello is a volunteer for Parachute who does not fall within the definition of "employee" for purposes of workers' compensation.

{¶ 23} Having failed to establish her status as an employee, or to establish an employee-employer relationship, no further analysis is required with regard to the injury and participation in the workers' compensation fund. *See i.e.*, *Anderson*, 10th Dist. No. 98AP-454, 1999 WL 173994; *see i.e., Lord v. Daughtery*, 66 Ohio St.2d 441, syllabus (1981) (considering "causal connection" between *employee's* injury and his employment for participation in workers' compensation fund depends on the totality of the facts and circumstances surrounding the accident [emphasis added]). Parachute and BWC are entitled to summary judgment. Margello's single assignment of error is overruled.

{¶ 24} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.