[Cite as *Beal v. Bauer*, 2014-Ohio-614.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| THOMAS BEAL, | : | APPEAL NO. C-130258 |
| | | TRIAL NO. A-0601765 |
| Plaintiff-Appellant, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| FRED BAUER, a.k.a. BAUER'S MARTIAL ARTS ACADEMY, | : | |
| | : | |
| and | | |
| | : | |
| ADMINISTRATOR, OHIO BUREAU OF WORKERS' COMPENSATION, | | |
| | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: February 21, 2014

*Thomas M. Tepe* and *Kevin P. Jones*, for Plaintiff-Appellant,

*Scott G. Oxley*, for Defendant-Appellee Fred Bauer,

*Michael DeWine*, Ohio Attorney General, and *Thomas J. Straus*, Assistant Attorney General, for Defendant-Appellee Administrator, Ohio Bureau of Workers' Compensation.

Please note: this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}     This is an appeal from a judgment dismissing a workers' compensation claim. The claimant was hit by a car that crashed into a martial arts studio while he was teaching a class. The sole issue is whether the claimant was an employee of the martial arts studio at the time the injuries occurred, thereby bringing his claim within the parameters of Ohio's workers' compensation statutes. The trial court concluded that no employment relationship existed and granted a motion to dismiss at the close of the claimant's case in chief. We find the court's decision to be supported by ample evidence, so we affirm.

I.

{¶2}     Thomas Beal was a martial arts student and member of the "Black Belt Club" at Fred Bauer's Martial Arts Academy ("Academy"). As a paying member of the Black Belt Club, Mr. Beal could attend any adult class free of charge. Experienced Academy students customarily instructed other lower-ranked students as part of their own development, and students received patches signifying their leadership and achievement as they progressed through the different "belt" levels. Mid-level students were given the title of "junior instructor," while students who had reached the more advanced brown-belt level—including Mr. Beal—received an "assistant instructor" patch. Mr. Beal was given a key to the studio, along with at least five other students.

{¶3}     On the morning of December 15, 2001, Mr. Beal arrived at the Academy, located in a shopping center on Cheviot Road in Cincinnati. Mr. Beal opened the studio, having agreed to fill in for another student who had volunteered to instruct a class. Without warning, an out-of-control car peeled out of the shopping center parking lot and barreled through the studio's store-front window, striking Mr. Beal.

{¶4} The key issue in determining whether an employment relationship existed so that Mr. Beal would be covered under the workers' compensation statutes was whether he received compensation in exchange for his instruction at the Academy. The evidence on this point was conflicting. Mr. Beal testified that he received reduced monthly tuition rates for himself and his son. Mr. Bauer testified that Mr. Beal assisted with training other students, but that he did not receive any complementary or reduced-cost lessons in exchange for doing so.

{¶5} Mr. Beal did not present any documentation at trial tending to show that he received compensation from the Academy. The trial court found it significant that Mr. Beal did not seem to consider the Academy to be his employer, except when he sought workers' compensation benefits. It noted that Mr. Beal had not included the Academy on a list of employers in his written response to interrogatories during discovery in a separate civil lawsuit against the driver. Nor did he mention the Academy when asked on direct examination at trial about his employment at the time of the accident. Additionally, Mr. Beal did not report his alleged employment with the Academy on his tax returns or his credit card, job, and home refinancing applications.

{¶6} At the close of Mr. Beal's presentation of evidence, Mr. Bauer and the Administrator of the Ohio Bureau of Workers' Compensation jointly moved for involuntary dismissal under Civ.R. 41(B)(2). The court concluded that Mr. Beal had not established by a preponderance of the evidence that he was an employee of the Academy and granted the motion. Mr. Beal appeals, raising two related assignments of error: that the court erred by finding that he had not established a prima facie case that an employment contract existed, and that the court failed to recognize that a bartering arrangement can qualify as compensation sufficient to establish an employment relationship. We review these assignments of error together.

II.

{¶7} To qualify for workers' compensation benefits, a claimant must establish that he suffered an injury "in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). Thus, the claimant must have been an employee at the time of his injury. For our purposes, an employee is defined as:

> Every person in the service of any person, firm, or private corporation
> * * * that (i) employs one or more persons regularly in the same business
> or in or about the same establishment under any contract of hire, express
> or implied, oral or written[.]

R.C. 4123.01(A)(1)(b). When evaluating whether an employment relationship existed, the emphasis is on whether the parties entered into a contract for hire. *See Margello v. Parachute & Special Advocates for Children*, 12th Dist. Butler No. CA2012-08-168, 2013-Ohio-1106, ¶ 16, citing *Republic-Franklin Ins. Co. v. Amherst*, 50 Ohio St.3d 212, 215, 553 N.E.2d 614 (1990).[1]

{¶8} Mr. Beal repeatedly states in his brief that the trial court's decision was a "directed verdict." But the defendants did not move for, and the trial court did not grant, a directed verdict under Civ.R. 50. "In a trial without a jury, a motion for judgment at the conclusion of the plaintiff's case is one for dismissal under Civ.R. 41(B)(2), not a motion for directed verdict under Civ.R. 50." *St. Clair v. Person*, 1st Dist. Hamilton No. C-010094, 2002 Ohio App. LEXIS 1154, *5 (March 15, 2002). Here, the defendants properly moved for involuntary dismissal under Civ.R. 41(B)(2).

---

[1] Mr. Beal requests that we apply the factors of 4123.01(A)(1)(c) to find that an employment relationship existed. But that section applies only to labor or services performed "pursuant to a construction contract." Because a construction contract is not at issue in this case, we decline to apply those factors. *See, e.g., Margello* at ¶ 15.

**{¶9}** There is a difference between a Civ.R. 50 directed verdict and a Civ.R. 41(B)(2) involuntary dismissal. When ruling on a motion to dismiss under Civ.R. 41(B)(2), a trial court is not required to construe the evidence in favor of the plaintiff, but is instead entitled to weigh the evidence presented. *Goering v. Chriscon Builders, Ltd.*, 1st Dist. Hamilton No. C-100729, 2011-Ohio-5480, ¶ 16. We must uphold the judgment of the trial court unless we find it to be erroneous as a matter of law or against the manifest weight of the evidence. *Id.*, citing *St. Clair* at *5.

**{¶10}** Mr. Beal contends that the trial court erred by finding that he failed to establish prima facie evidence of the existence of an employment contract. On the contrary, the court explicitly weighed the evidence and resolved the conflicting testimony in favor of the defendants, as it is entitled to do. "The fact that a prima facie case may have been presented is beside the point." *St. Clair* at *6, quoting *Johnson v. McQueen*, 1st Dist. Hamilton No. C-850742, 1986 Ohio App. LEXIS 8023, *5 (August 27, 1986).

**{¶11}** Mr. Beal further argues that the trial court disregarded evidence that Mr. Beal bartered services in exchange for reduced-cost lessons, evidence that he argues established the existence of an employment contract. Mr. Beal analogizes this case to *Anderson v. Linkscorp*, 10th Dist. Franklin No. 98AP-454, 1999 Ohio App. LEXIS 1132 (March 16, 1999). In *Linkscorp*, the appellate court upheld the trial court's judgment that an employment relationship existed between a golf course and a "ranger" hired to enforce the course rules, where compensation was provided in the form of free golf and other discounts. The *Linkscorp* decision hinged on the court's finding that a contract for hire existed and is, therefore, distinguishable from the present case. *Id.* at *7-8. While Mr. Beal correctly asserts that forms of consideration other than a paycheck can serve to establish an employment relationship, he misunderstands the trial court's decision. The

trial court did not dismiss Mr. Beal's claim simply because he had not received a paycheck. Instead, the trial court found that Mr. Beal failed to establish that a bartering arrangement existed *at all*. Thus, the court concluded that Mr. Beal and Mr. Bauer had not entered into a contract for hire.

### III.

{¶12}    This case hinges largely on the credibility of the witnesses at trial. It was for the trial court to assess that credibility, and we find the trial court's conclusions to be well supported by the record. We, therefore, overrule the assignments of error and affirm the judgment below.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **HILDEBRANDT, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.