[Cite as *HumaCare-Consol. Emp. Mgt, Inc. v. State Unemp. Comp. Rev. Comm.*, 2016-Ohio-715.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HumaCare-Consolidated Employee Management, Inc. et al., | : | |
| | : | |
| Appellants-Appellants, | | |
| | : | No. 15AP-200 |
| v. | | (C.P.C. No. 14CV-8224) |
| | : | |
| State of Ohio, Unemployment Compensation Review Commission et al., | : | (REGULAR CALENDAR) |
| | : | |
| Appellees-Appellees. | : | |
| | : | |

---

D E C I S I O N

Rendered on February 25, 2016

---

**On brief:** *Roetzel & Andress, LPA, Stephen W. Funk,* and *Daniel G. Hilson,* for appellants. **Argued:** *Stephen W. Funk*

**On brief:** *Michael DeWine,* Attorney General, and *Patria V. Hoskins,* for appellee, Director, Ohio Department of Job and Family Services. **Argued:** *Patria V. Hoskins*

---

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Appellants, HumaCare-Consolidated Employee Management, Inc. ("HumaCare-CEM") and HumaCare, Inc., ("HumaCare, Inc."), appeal from the February 24, 2015, judgment of the Franklin County Court of Common Pleas, which affirmed the decision of appellee, Ohio Unemployment Compensation Review Commission ("UCRC"), which determined that HumaCare-CEM is the successor in interest to HumaCare, Inc. for purposes of determining HumaCare-CEM's unemployment

contribution rate as an employer pursuant to R.C. 4141.24(F). For the reasons that follow, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The Ohio Department of Job and Family Services ("ODJFS") detected workforce transfers between HumaCare, Inc. and HumaCare-CEM. Under authority granted by R.C. 4141.18 and 4141.20, an audit was issued to determine employer compliance. On October 2, 2012, an audit of HumaCare, Inc. and HumaCare-CEM was performed in an attempt to ensure that all workers and wages were being correctly reported. On December 27, 2012, an audit report was issued, which found, in relevant part to this appeal, that HumaCare-CEM was a successor in interest to HumaCare, Inc.

{¶ 3} In a Director's Reconsidered Decision, issued February 26, 2014, the ODJFS agreed with the audit report, and found that HumaCare-CEM was a successor in interest to HumaCare, Inc. HumaCare-CEM filed a timely appeal with the UCRC. On June 24, 2014, a hearing was conducted via telephone before a hearing officer for the UCRC.

{¶ 4} On July 9, 2014, the UCRC issued a decision with the following findings of fact:

> During 2012, an audit was performed by the Ohio Department [of] Job and Family Services to determine if Humacare Consolidated Employee Management, Inc. was properly reporting wages for its employees. During the course of the audit, the Ohio Department [of] Job and Family Services found that in-house employees who had been considered employees of Humacare, Inc. as of 2009 were considered employees of Humacare Consolidated Employee Management, Inc. as of 2010. The Ohio Department of Job and Family Services found that, as of 2010, the in-house employees' W-2 forms were issued by Humacare Consolidated Employee Management, Inc. and that federal tax returns showed that Humacare, Inc. had no assets and had income that was almost nonexistent
>
> At an audit meeting on October 2, 2012 involving the Ohio Department of Job and Family Services and Humacare Consolidated Employee Management, Inc., an accountant with the employer noted that Humacare, Inc. had ceased to operate. During the course of the audit, the Humacare Consolidated Employee Management, Inc. accountant completed a Disposition of Business form, a Transfer of Business form, and a Report to Determined Liability form

which indicated that Humacare, Inc. had merged with Humacare Consolidated Employee Management, Inc. as of the end of 2009. Also during the course of the audit, Humacare Consolidated Employee Management, Inc. maintained that Humacare, Inc. and Humacare Consolidated Employee Management, Inc. had filed consolidated federal tax returns as of 2010.

In later statements made to the Ohio Department of Job and Family Services and at the hearing on this matter, Humacare Consolidated Employee Management, Inc. maintained that Humacare, Inc. continue to be in operation after the end of 2009. The employer maintained that the company had not merged with Humacare, Inc. The employer further maintained that, rather than merge, a transfer from a professional employer organization to a human resource organization had occurred. The employer argued that such a change was allowed under the auspices of a 2006 settlement agreement with the Ohio Department of Job and Family Services and allowed for compliance with new Ohio Revised Code provisions for reporting requirements after a transfer of experience to client companies. Despite earlier statements, the employer further maintained that Humacare Consolidated Employee Management, Inc. and Humacare, Inc. were unable to file consolidated federal tax returns as of 2010.

{¶ 5} The UCRC concluded that HumaCare-CEM was a successor in interest to HumaCare, Inc. for purposes of determining HumaCare-CEM's unemployment contribution rate as an Ohio employer. R.C. 4141.24(F). The UCRC affirmed the Director's Reconsidered Decision, and held that:

The evidence and testimony presented establishes that Humacare, Inc. merged with Humacare Consolidated Employee Management, Inc. as of the end of 2009 and ceased operations. The evidence and testimony presented further establishes that the in-house workforce for Humacare, Inc. was transferred to Humacare Consolidated Employee Management, Inc. This constitutes a transfer of all the trade or business of Humacare, Inc. to Humacare Consolidated Employee Management, Inc. Therefore, a review of the entire record in this matter establishes that Humacare Consolidated Employee Management, Inc. is a successor in interest to Humacare, Inc.

{¶ 6} Pursuant to R.C. 4141.26, appellants appealed the UCRC's Decision to the common pleas court arguing that the UCRC's decision that HumaCare-CEM is the successor in interest to HumaCare, Inc. under R.C. 4141.24(F) is not supported by reliable, probative and substantial evidence, and is not in accordance with law.

{¶ 7} The court of common pleas determined, by Decision and Entry of February 24, 2015, that reliable, probative, and substantial evidence existed in the record to support the commission's finding that HumaCare, Inc. had transferred its entire business to HumaCare-CEM and that, as a result, HumaCare-CEM became the successor in interest to HumaCare, Inc. by operation of law. Specifically, the trial court found:

> The evidence supports that HumaCare Consoli[d]ated Employee Management, Inc. transferred all the property integral to its business to HumaCare, Inc.. Steven Markle, the accountant for HumaCare Consoli[d]ated Employee Management, Inc. told the ODJFS Compliance Auditor that HumaCare ceased operating at the end of 2009 and that there was a total transfer of business to Humacare Consoli[d]ated Employee Management, Inc. He related this information during the audit and in the presence of company CEO William B. Southerland. Tr. 32-33, 39-41, 69. Additionally, there is no evidence that HumaCare was still operating after 2009. HumaCare did not issue any W-2's to any employees after 2009. Tr. 35-41, 54-55, 56-57.
>
> The record also demonstrates that HumaCare filed a "transfer of business" form with ODJFS in November 2012. This form was executed by Steven Markle who served as the accountant for HumaCare and on January 1, 2010, was the accountant for HumaCare Consoli[d]ated Employee Management, Inc. The form includes a question as to whether HumaCare Consoli[d]ated Employee Management, Inc. was taking over HumaCare's entire business organization in Ohio. Mr. Markle answered that question in the affirmative. In the follow up question, Mr. Markle indicated that 100% of HumaCare business assets in Ohio had transferred to HumaCare Consoli[d]ated Employee Management, Inc. There was also testimony that the attorney for HumaCare Consoli[d]ated Employee Management, Inc. would provide ODJFS personnel with additional information regarding consolidated federal tax returns to demonstrate that HumaCare was still operating. However, the attorney for HumaCare Consoli[d]ated Employee Management, Inc. never provided the consolidated federal income tax returns to ODJFS. Tr. 51-57. Moreover, on

January 20, 2014, HumaCare Consoli[d]ated Employee Management, Inc. informed ODJFS that the two companies were not able to file consolidated tax returns. ODJFS Exhibit 10. There is also testimony that HumaCare Consoli[d]ated Employee Management, Inc and HumaCare did not file any consolidated tax returns. Tr. 73-75.

The record demonstrates that HumaCare ceased filing federal tax returns in 2010. HumaCare had 62 million in gross receipts and 2.7 million in assets in 2009. In 2010, it had zero gross receipts and zero in assets. The compensation for officers was $120,000 and was zero in 2010. The physical assets listed for HumaCare's 2009 tax return were the same assets listed for HumaCare Consoli[d]ated Employee Management, Inc. in 2010. Based on this information, there is reliable, probative and substantial evidence to support that there was a total transfer of business. R.C. 4141.24.

{¶ 8} Accordingly, the trial court, after reviewing the record, affirmed the UCRC's decision finding that it "is supported by reliable, probative and substantial evidence and is in accordance with law." (Decision, 6.)

## II. ASSIGNMENTS OF ERROR

{¶ 9} Appellants appeal, assigning the following errors:

[I.] THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO REVERSE THE UNEMPLOYMENT COMPENSATION REVIEW COMMISSION'S FINDING THAT HUMACARE, INC. "MERGED" WITH HUMACARE—CONSOLIDATED EMPLOYEE MANAGEMENT, INC.

[II.] THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO REVERSE THE UNEMPLOYMENT COMPENSATION REVIEW COMMISSION'S FINDING THAT THE ALLEGED TRANSFER OF IN-HOUSE EMPLOYEES CONSTITUTES A TRANSFER OF ALL OF HUMACARE, INC.'S "TRADE OR BUSINESS" UNDER R.C. 4141.24(F).

[III.] THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY APPLYING THE WRONG LEGAL STANDARD IN DECIDING WHETHER THE UNEMPLOYMENT COMPENSATION REVIEW COMMISSION'S ACTUAL DETERMINATIONS WERE

SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE.

[IV.] THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO CONSIDER AND WEIGH ALL OF THE EVIDENCE IN THE RECORD IN DETERMINING WHETHER TO AFFIRM THE UNEMPLOYMENT COMPENSATION REVIEW COMMISSION'S DECISION.

[V.] THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY DENYING APPELLANTS' MOTION TO REMAND UNDER R.C. 4141.26(D) "AS MOOT."

## III. STANDARD OF REVIEW AND ISSUES PRESENTED

{¶ 10} As we recently stated in *Jeff Schmitt Chevrolet, Ltd. v. Dir., Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-917, 2015-Ohio-3010, ¶ 10-11:

> R.C. 4141.26(D)(2) provides that the trial court may affirm a decision from the UCRC regarding an employer's rate revision "if it finds, upon consideration of the entire record, that the determination or order is supported by reliable, probative, and substantial evidence and is in accordance with law." Our review of the trial court's decision "is more limited," as we "do[] not weigh [the] evidence." *Kate Corp. v. Ohio State Unemp. Comp. Rev. Comm.*, 10th Dist. No. 03AP-315, 2003-Ohio-5668, ¶ 7, citing *Childs v. Oil & Gas Comm.*, 10th Dist. No. 99AP-626, 2000 Ohio App. LEXIS 1242 (Mar. 28, 2000), citing *Lorain Cty. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 533 N.E.2d 264 (1988). The court of appeals does not make factual findings or weigh the credibility of the witnesses; rather, we simply determine whether the UCRC's decision is supported by the evidence in the record. *Tzangas, Plakas & Mannos v. Admr., Ohio Bur. of Emp. Servs.*, 73 Ohio St.3d 694, 696, 1995 Ohio 206, 653 N.E.2d 1207 (1995).
>
> As such, we determine only whether the trial court abused its discretion. *Id* at 696-97. "In successor-in-interest cases, 'this court has defined "abuse of discretion" as connoting more than an error in judgment, but implying a decision that is without a reasonable basis and clearly wrong.' " *Resource Title Natl. Agency, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-39, 2014-Ohio-3427, ¶ 9, quoting *All Star*

*Personnel, Inc. v. Unemp. Comp. Rev. Comm.*, 10th Dist. No.
05AP-522, 2006-Ohio-1302, ¶ 13.

{¶ 11} Pursuant to R.C. 4141.09, every employer in Ohio must make contributions to the unemployment compensation fund. R.C. 4141.24(F) provides, in pertinent part:

> If an employer transfers all of its trade or business to another employer or person, the acquiring employer or person shall be the successor in interest to the transferring employer and shall assume the resources and liabilities of such transferring employer's account, and continue the payment of all contributions, or payments in lieu of contributions, due under this chapter.

Thus, this appeal concerns whether HumaCare-CEM acquired successor in interest status under R.C. 4141.24(F), by acquiring all of the trade or business of HumaCare, Inc. *See All Star Personnel, Inc. v. Unemp. Comp. Rev. Comm.*, 10th Dist. No. 05AP-522, 2006-Ohio-1302, ¶ 16. Ohio Adm.Code 4141-17-04(A) provides that a transferee "shall become a successor in interest by operation of law" where (1) there is "a transfer of all of the transferor's trade or business" and, (2) at the time of the transfer, "the transferor is liable under Chapter 4141 of the Revised Code." As a successor in interest, the transferee "shall assume all of the resources and liabilities of the transferor's account" and the "director shall revise the contribution rates of the transferee to reflect the result of the successorship." Ohio Adm.Code 4141-17-04(B). For purposes of R.C. 4141.24, an employer's " '[t]rade or business' includes all real, personal and intangible property integral to the operation of the trade or business," and may include the employer's workforce. Ohio Adm.Code 4141-17-01(A).

## IV. ASSIGNMENT OF ERROR ONE–MOOT

{¶ 12} Appellants argue that the trial court abused its discretion in not reversing the UCRC's finding that appellants merged. The trial court did not rule on this issue. It has never been ODJFS' position that a legal merger did or did not take place.

{¶ 13} The issue of "merger" was first raised when HumaCare-CEM's staff accountant, Steven Markle, told ODJFS that a merger had taken place. In addition, he filed a Disposition of Business form with ODJFS which indicated that the appellants had merged.

{¶ 14} We note that the true issue is whether, under R.C. 4141.24(F), HumaCare, Inc. transferred all of its trade or business to HumaCare-CEM. Whether there was a legal merger is not relevant because HumaCare-CEM was not found to be a successor in interest to HumaCare, Inc. as a result of a finding of statutory merger. Instead, HumaCare-CEM was found to be successor in interest because of a finding that HumaCare, Inc. transferred all the property integral to its business to HumaCare-CEM.

{¶ 15} Inasmuch as this issue is not dispositive, or relevant, to the successor in interest issue, assignment of error one is moot.

## V. ASSIGNMENTS OF ERROR TWO AND THREE–NO ABUSE OF DISCRETION

{¶ 16} Because appellants' assignments of error two and three are interrelated, we will address them together. Appellants allege that the trial court erred (1) in finding that the alleged transfer of in-house employees constitutes a transfer of all of HumaCare, Inc.'s trade or business, and (2) in using the wrong legal standard in deciding whether UCRC's determinations were supported by reliable, probative, and substantial evidence.

{¶ 17} Appellants argue that the UCRC erred in finding that the alleged transfer of in-house employees constitutes a transfer of all of HumaCare, Inc.'s trade or business. It is clear that the trial court relied on significantly more evidence than only the "alleged transfer of in-house employees." For example, the trial court notes that Markle told the ODJFS Auditor, in the presence of company CEO William B. Southerland, that HumaCare, Inc. ceased operating at the end of 2009, and that there was a total transfer of business to HumaCare-CEM. At the time, CEO Southerland did not dispute Markle's assertions. HumaCare-CEM also filed a Transfer of Business form with ODJFS, executed by Markle, wherein HumaCare-CEM states that 100 percent of HumaCare, Inc.'s assets in Ohio had transferred to HumaCare-CEM.

{¶ 18} Furthermore, as the trial court notes, Humacare, Inc. did not issue any W-2's after 2009, and ceased filing federal tax returns in 2010. HumaCare, Inc. had 62 million in gross receipts in 2009, and zero gross receipts in 2010. HumaCare, Inc. had 2.7 million in assets in 2009 and zero assets in 2010. The physical assets listed in HumaCare, Inc.'s 2009 tax return were the same assets listed by HumaCare-CEM in 2010, and the

same employees worked for both HumaCare, Inc. and HumaCare-CEM. The compensation for officers went from $120,000 to zero in 2010. Salaries and wages went from 1.4 million to zero in 2010.

{¶ 19} HumaCare-CEM argues that, because none of the clients transferred, and the clients are truly the business of the companies, there was no transfer of all the integral assets. However, as these are other entities, HumaCare, Inc. could not simply transfer the clients to HumaCare-CEM.,

{¶ 20} HumaCare-CEM also argues that HumaCare, Inc. was still operating as an employer, "providing human resource management and reporting services on behalf of 48 client employers," after 2009, apparently without any employees. (HumaCare-CEM's Brief, 40); (ODJFS exhibit No. 8.) However, the W-2's were issued by HumaCare-CEM. There is no way around the fact that the employer after 2009 is HumaCare-CEM. HumaCare, Inc. had no workforce after the December 31, 2009 transfer date. A corporation simply cannot operate without any employees.

{¶ 21} Appellants argued that HumaCare, Inc. and HumaCare-CEM were filing consolidated tax returns. (ODJFS exhibit No. 8.) This turned out to be false. ODJFS Unemployment Compensation Contribution Supervisor Amy Bornman-Weber testified that on October 21, 2013, she along with other ODJFS personnel met with HumaCare-CEM's attorney to discuss the issue of consolidated returns. (Tr. 51.) At that meeting, HumaCare-CEM again asserted that both entities were still operating and filing consolidated federal tax returns. (Tr. 54.) The meeting ended with the understanding that HumaCare-CEM would provide additional information regarding the consolidated federal tax returns to show that HumaCare, Inc. was still operating. (Tr. 54.) Bornman-Weber testified that HumaCare-CEM never provided consolidated federal income tax returns to ODJFS. (Tr. 54.) HumaCare-CEM's outside accountant, Candace DeClark-Peace, testified that despite earlier statements, the entities were unable to file consolidated federal tax returns. (Tr. 73-75.)

{¶ 22} In regards to assignment of error three, appellants argue that the UCRC's "determination or order" (pursuant to R.C. 4141.26(D)) was that HumaCare, Inc. and HumaCare-CEM merged and that the transfer of in-house employees constitutes the

transfer of all the trade or business. While these findings are mentioned, the actual determination or order of the UCRC is:

> Therefore, a review of the entire record in this matter establishes that Humacare Consolidated Employee Management, Inc. is a successor in interest to Humacare, Inc. Humacare Consolidated Employee Management, Inc. assumes all the resources and liabilities of the account of Humacare, Inc.

In short, the trial court reviewed the record and found sufficient reliable, probative and credible evidence of a transfer of all of its trade or business to HumaCare-CEM, which the statements of Markle, the filed documents with ODJFS, the W-2s and the 2009 and 2010 federal tax returns corroborated. Also, the transfer of the entire workforce and all of the assets demonstrates that all of the integral real and personal property was transferred for purposes of R.C. 4141.24(F).

{¶ 23} The UCRC and the trial court recognized that after the audit report and the finding of successor in interest status, appellants' officers, employees, and agents provided evidence that attempted to contradict prior statements, filings, and tax documents. Appellants argue that the court should have discounted the original evidence found during the audit and should have focused instead on appellants' later testimony. In response, the UCRC argues that appellants' self-serving testimony at the commission hearing does not overweigh or render insubstantial their earlier statements, tax returns, and filed documents.

{¶ 24} The Supreme Court of Ohio has held that "the Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts. For example, when the evidence before the court consists of conflicting testimony of approximately equal weight, the court should defer to the determination of the administrative body, which, as the fact-finder, had the opportunity to observe the demeanor of the witnesses and weigh their credibility." *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108 (1980). *See also Leon v. Ohio Bd. of Psychology*, 63 Ohio St.3d 683 (1992),

{¶ 25} Despite this conflicting evidence, the trial court found that reliable, probative, and substantial evidence existed in the record demonstrating that HumaCare, Inc. transferred its entire business to HumaCare-CEM, thereby rendering HumaCare-CEM the successor in interest to HumaCare, Inc., pursuant to R.C. 4141.24(F). We agree.

{¶ 26} The UCRC's findings of successor liability were based upon the witnesses' testimony, documentary evidence, such as the Transfer of Business form and the Disposition of Business form, the audit report, copies of W-2's in addition to the tax returns, all of which showed a transfer of all assets from HumaCare, Inc. to HumaCare-CEM. We note that the original statements of Markle were consistent with the filings with ODJFS and the related tax documents. Based on the above, we find that the trial court did not abuse its discretion in affirming the decision of the UCRC. Therefore, appellants' assignments of error two and three are overruled.

## VI. ASSIGNMENT OF ERROR FOUR–NO ABUSE OF DISCRETION

{¶ 27} Appellants argue that the trial court failed to consider and weigh all of the evidence in the record. There is no evidence to support this assignment of error. Appellants are asking this court to assume that because an issue or witness is not directly mentioned in the court's decision, that the court did not follow the law and review the entire record. R.C. 4141.26(D)(2) requires the trial court to consider the entire record. This Court has ruled that "[t]he trial court is entitled to a presumption of correctness and a presumption that the trial court knew the law and acted accordingly. *Fletcher v. Fletcher* (1994), 68 Ohio St.3d 464, 468, 1994 Ohio 434, 628 N.E.2d 1343. A reviewing court will presume the validity of a judgment as long as there is evidence in the record to support it." *Lewis v. Connors*, 10th Dist. No. 02-AP-607, 2003-Ohio-632, ¶ 19.

{¶ 28} The evidence shows that the trial court's review was in accordance with the law. The trial court notes that the court "may not weigh or judge the credibility of witnesses" and must give due deference to "administrative resolution of evidentiary conflicts" and "statutory interpretations." (Decision and Entry, 2.) The trial court then summarizes appellants' arguments, states what the "evidence supports" and what the "record demonstrates" before stating its conclusions. (Decision and Entry, 4.) Accordingly, a fair reading of the decision indicates that the trial court complied with the law and thoroughly considered the entire record. Appellants' fourth assignment of error is overruled.

## VII. ASSIGNMENT OF ERROR FIVE–NO ABUSE OF DISCRETION

{¶ 29} Appellants argue that the trial court abused its discretion by denying appellants' motion to remand under R.C. 4141.26(D) "as moot." R.C. 4141.26(D)(2)

states, in relevant part, that "the court may order additional evidence to be taken before the commission, and the commission, after hearing such additional evidence, shall certify such additional evidence to the court or it may modify its determination and file such modified determination, together with the transcript of the additional record, with the court."

{¶ 30} If the court had ordered the commission to take additional evidence, appellants intended to admit into evidence tax returns showing that HumaCare, Inc. and HumaCare-CEM resumed the filing of separate federal income tax returns for tax year 2013. The audit was in 2012, so the UCRC was only looking at conduct from 2012 and earlier. Appellants' 2013 tax returns, created after the audit, are not relevant to the issue of whether HumaCare, Inc. transferred all of its integral assets to HumaCare-CEM in 2009 and 2010, which is the issue in this action.

{¶ 31} R.C. 4141.26(D)(2) states that the court "may" order additional evidence. On its face, the statute gives the court discretion. Given the facts of this action, we find that the trial court did not abuse its discretion in denying appellants' motion. Therefore, appellants' fifth assignment of error is overruled.

## VIII. DISPOSITION

{¶ 32} We perceive no abuse of discretion in the trial court's finding that the UCRC's decision in finding that HumaCare, Inc. transferred its entire business to HumaCare-CEM, thereby rendering HumaCare-CEM the successor in interest to HumaCare, Inc. pursuant to R.C. 4141.24(F), was supported by reliable, probative, and substantial evidence, and in accordance with law. Accordingly, appellants' first assignment of error is moot and we overrule appellants' second, third, fourth, and fifth assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK, J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.

————————————